# LANDRY & SWARR, L.L.C.
### Attorneys at Law
1100 Poydras Street, Ste. 2000
New Orleans, Louisiana 70163

Bossier Parish Clerk of Court
Filed Aug 30, 2022 2:12 PM
Julie S. Smith
Deputy Clerk of Court

C-168202 A

MICKEY P. LANDRY
FRANK J. SWARR
MATTHEW C. CLARK

Telephone: (504) 299-1214
Facsimile: (504) 299-1215
E-mail: lslaw@landryswarr.com

_____
NOTARIES PUBLIC

August 29, 2022

**VIA FEDERAL EXPRESS:**
Ms. Jill Sessions
Clerk of Court, Bossier Parish
204 Burt Blvd., 3rd Floor
Benton, LA 71006

      Re: *Reginald Short v. Honeywell International, Inc., et al.*
           26th JDC for the Parish of Bossier
           **NEW PETITION FOR DAMAGES**

Dear Sir or Madam:

    Enclosed please find the original and six (6) copies of our original Petition for Damages for filing in regards to the above-referenced matter. We ask that you file the original into the record, provide a copy to the Judge for his records and provide our office with a conformed copy for our file.

    Further, we request that you prepare citations and serve the following defendants with Petitioner's Original Petition for Damages as follows:

1. **HONEYWELL INTERNATIONAL, INC., as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

2. **E.I. DUPONT NEMOURS COMPANY**
   Via the Louisiana Long Arm Statute
   Through Its Registered Agent:
   CT Corporation System
   208 South LaSalle Street, Ste. 814
   Chicago, IL 60604

**EXHIBIT "A"**


NON-CERTIFIED COPY

Clerk of Court
26th JDC for the Parish of Bossier
August 29, 2022
Page 2

3. **NOKIA OF AMERICA CORPORATION, f/k/a ALCATEL-LUCENT USA, INC., as successor-in-interest to WESTERN ELECTRIC COMPANY, sandia laboratories and BELL LABORATORIES, INC., f/k/a AT&T BELL TELEPHONE LABORATORIES, f/k/a BELL TELEPHONE LABORATORIES, and as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

4. **LOCKHEED MARTIN CORPORATION as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

   I have included our firm's check in the amount of $750.00 as payment for the filing and service fees. Thank you for your assistance. Please do not hesitate to contact me if you have any questions or need additional information with respect to this request.

                                                                Sincerely,

                                                                EMILY PRICE BRENNAN
/ep                                                             PARALEGAL
ENCLS
CK # 35605

NON-CERTIFIED COPY

Case 5:22-cv-05559-SMH-MLH   Document 1-2   Filed 10/06/22   Page 3 of 11   PageID #: 202

Bossier Parish Clerk of Court
Filed Aug 30, 2022 2:12 PM
Julie S. Smith
Deputy Clerk of Court

C-168202
A

**26TH JUDICIAL DISTRICT COURT FOR THE PARISH OF BOSSIER**

**STATE OF LOUISIANA**

NO. _____                                       DIVISION " "

**REGINALD SHORT**

**VERSUS**

ORIGINAL

**HONEYWELL INTERNATIONAL, INC., AS SUCCESSOR IN INTEREST TO SANDIA LABORATORIES, ET AL.**

FILED: _____          _____
                                                                    **DEPUTY CLERK**

## PETITION FOR DAMAGES

NOW COMES Petitioner, by and through undersigned counsel, who respectfully alleges the following:

1. Petitioner, Reginald Short, is an adult resident citizen domiciled in the State of Colorado.

2. Defendants, identified in Exhibit "A" attached hereto, are either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner (also referred to as Plaintiff herein), for the claims asserted herein.

3. This action is within the jurisdiction of this Court and Bossier Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure 74, because Plaintiff suffered injurious exposure to asbestos within Bossier Parish, Louisiana and the wrongful conduct at issue occurred within Bossier Parish, Louisiana.

4. Petitioner Reginald Short was diagnosed with mesothelioma on or about December 3, 2021, all as consequences of his exposure to asbestos and the tortious acts of Defendants as set forth herein. As a direct and proximate result of the delictual conduct of Defendants, Petitioner suffered physically, financially, mentally and emotionally.

## BACKGROUND

5. Petitioner Reginald Short, was exposed to injurious levels of asbestos from the following sources:

   A. Exposure to injurious levels of asbestos while serving in the United States Air Force as a Nuclear Weapons Specialist from 1966-1970. During most of Mr. Short's military service, he served at Barksdale Air Force Base located within Bossier Parish,

NON-CERTIFIED COPY

1

Louisiana.

B.  Throughout his military service, Mr. Short regularly loaded and unloaded packages of tritium, a rare isotope of hydrogen that was used in nuclear weapons operations. The tritium was packaged in containers stuffed with loose asbestos insulation. In order to properly remove the containers of tritium, Mr. Short personally handled, manipulated and ripped out the asbestos insulation. This work created airborne dust which settled on Mr. Short's person and clothing.

C.  Mr. Short was never advised, instructed, or educated on the hazards of asbestos. The tritium packaging contained no warnings, instructions, or information concerning the hazards of asbestos.

D.  As a result of Mr. Short's work loading and unloading tritium, billions of tiny, invisible asbestos fibers settled on his clothing and person on a daily basis.

E.  After his work was done for the day, Mr. Short would return home wearing the same clothing he wore while unloading tritium. As a result, the asbestos fibers that settled on his person and clothing would later settle in his home and personal vehicles, where it would become re-suspended through normal living activities, such as walking, dusting, sweeping, and vacuuming. These activities resulted in Mr. Short inhaling millions of asbestos fibers on a daily basis in his home and personal vehicle.

6.  Before and during Mr. Short's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the locations and/or facilities listed in Paragraph 5, from which Mr. Short was exposed to asbestos-containing products, equipment, construction materials, insulation, friction components, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

7.  When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

8.  Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Mr. Short, of the health hazards inherent in the

NON-CERTIFIED COPY

2

asbestos-containing products and materials they were selling, using, and specifying for use in packages of tritium and other materials used by the United States Air Force.

9. Each of the defendants failed to properly warn, educate, or advise the United States Air Force or the United States of the hazards of asbestos of which they were aware.

10. Each of the defendants failed to properly warn, educate, or advise Mr. Short and others similarly situated about the hazards of asbestos of which they were aware.

11. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraphs 5-10, Mr. Short developed malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Mr. Short's malignant mesothelioma was diagnosed on or around December of 2021.

## STRICT LIABILITY AND NEGLIGENCE OF MANUFACTURER, VENDOR, CONTRACTOR AND SUPPLIER DEFENDANTS

12. The Defendants identified in Exhibit "A" as manufacturers, vendors, contractors and suppliers were all miners, manufacturers, sellers, users, distributors and/or suppliers of asbestos or asbestos-containing products or equipment utilizing asbestos products internally and externally, and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products or equipment utilizing asbestos products internally and externally, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the sites listed in Paragraph 5, from which Petitioner was exposed.

13. The asbestos products and/or asbestos-containing equipment mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se to Mr. Short who was an intended and foreseeable user and bystander who was exposed to these asbestos products or asbestos-containing equipment. These defects include, without limitation, the following:

    a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

    b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Petitioner who would be foreseeably

NON-CERTIFIED COPY

3

        exposed to them in as a result of their intended use;

c.    lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.    lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.    failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f.    failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g.    failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h.    failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternative, equally suitable substances were readily available;

i.    defects in the composition and construction of these products;

j.    failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k.    failure to properly package these products so that they could be safely transported, handled, stored or disposed of;

l.    over warranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

m.    liability to Petitioner in strict liability for things and/or activities in their garde, possession, custody or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Petitioner.

14.    The defective conditions of defendants' products and asbestos-containing equipment and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

15.    Each of these defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

4

NON-CERTIFIED COPY

## DAMAGES

16. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related mesothelioma of Mr. Short, and of the following general and special damages including:

A. The conscious physical pain and suffering and mental anguish sustained by Mr. Short;

B. The physical impairment suffered by Mr. Short (past, present and future);

C. The disfigurement suffered by Mr. Short;

D. Reasonable and necessary medical expenses incurred by Mr. Short;

E. All past, present and future lost earnings and loss of earning capacity;

F. Loss of quality of life;

G. All other forms of relief provided by law or equity together with interest from the date of injury until paid, plus costs of these proceedings.

**WHEREFORE**, Petitioner demands judgment against the Defendants, and each of them, jointly, severally and/or in solido for all damages, for their costs expended herein, for judicial interest from the date of judicial demand, and for such other and further relief, both at law and in equity, to which Petitioners may show themselves justly entitled.

Respectfully submitted,

LANDRY & SWARR, LLC

_____
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW C. CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

-And-

MAUNE RAICHLE HARTLEY FRENCH & MUDD

JAMES V. CAMPBELL, Bar No. 38989
1015 Locust Street, Ste. 1200
St. Louis, MO 63101
Telephone: (314) 241-2003
Facsimile: (314) 241-4838

NON-CERTIFIED COPY

Case 5:22-cv-05559-SMH-MLH  Document 1-2  Filed 10/05/22  Page 8 of 11 PageID #: 24
Bossier Parish Clerk of Court  C-168202
Filed Aug 30, 2022 2:12 PM   A
Julie S. Smith
Deputy Clerk of Court

## EXHIBIT "A"

PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONERS' ORIGINAL PETITION FOR DAMAGES:

### MANUFACTURER, VENDOR, CONTRACTOR AND SUPPLIER DEFENDANTS:

1. **HONEYWELL INTERNATIONAL, INC., as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

2. **E.I. DUPONT NEMOURS COMPANY**
   Via the Louisiana Long Arm Statute
   Through Its Registered Agent:
   CT Corporation System
   208 South LaSalle Street, Ste. 814
   Chicago, IL 60604

3. **NOKIA OF AMERICA CORPORATION, f/k/a ALCATEL-LUCENT USA, INC., as successor-in-interest to WESTERN ELECTRIC COMPANY, sandia laboratories and BELL LABORATORIES, INC., f/k/a AT&T BELL TELEPHONE LABORATORIES, f/k/a BELL TELEPHONE LABORATORIES, and as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

4. **LOCKHEED MARTIN CORPORATION as successor in interest to Sandia Laboratories**
   Through Its Registered Agent:
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

6

NON-CERTIFIED COPY

D6228845

# CITATION

| REGINALD SHORT | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| HONEYWELL INTERNATIONAL INC AS SUCCESSOR IN INTEREST TO SANDIA LABORATORIES ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-168202 | |

TO: NOKIA OF AMERICA CORPORATION, f/k/a ALCATEL-LUCENT USA, INC., as successor-in-interest to WESTERN ELECTRIC COMPANY, sandia laboratories and BELL LABORATORIES, INC., f/k/a AT&T BELL TELEPHONE LABORATORIES, f/k/a BELL TELEPHONE LABORATORIES, and as successor in interest to Sandia Laboratories
THROUGH ITS REGISTERED AGENT:
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within twenty-one (21) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You (as defendant) will have twenty-one (21) days after you receive this petition to either file an answer (in writing) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

**PETITION FOR DAMAGES; EXHIBIT "A"**

Witness the Honorable Judges of our said Court on this the 1ST DAY OF SEPTEMBER, 2022

I made service on the named party through the CORPORATION SERVICE COMPANY

SEP 14 2022

by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*Jill M. Sessions*, CLERK OF COURT

Deputy Clerk

FILED
SEP 19 2022
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

Attorney:
MICKEY P. LANDRY
LANDRY & SWARR, LLC
1100 POYDRAS STREET, SUITE 2000
NEW ORLEANS, LA 70112
504-299-1214

## SERVICE INFORMATION

DATE: _____

PERSONAL ☐

DOMICILIARY ☐   GIVEN TO: _____

UNSERVED ☐   REMARKS: _____

_____
DEPUTY SHERIFF

NON-CERTIFIED COPY

D622883?

# CITATION

| REGINALD SHORT | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| HONEYWELL INTERNATIONAL INC AS SUCCESSOR IN INTEREST TO SANDIA LABORATORIES ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-168202 | |

TO: LOCKHEED MARTIN CORPORATION
As successor in interest to Sandia Laboratories
THROUGH ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within twenty-one (21) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have twenty-one (21) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:
**PETITION FOR DAMAGES; EXHIBIT "A"**

Witness the Honorable Judges of our said Court on this the 1ST DAY OF SEPTEMBER, 2022

I made service on the named party through the
CORPORATION SERVICE COMPANY
SEP 14 2022
by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Attorney:
MICKEY P. LANDRY
LANDRY & SWARR, LLC
1100 POYDRAS STREET, SUITE 2000
NEW ORLEANS, LA 70112
504-299-1214

*Jill M. Sessions*, CLERK OF COURT



**Deputy Clerk**

FILED
SEP 19 2022
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

## SERVICE INFORMATION

DATE: _____

PERSONAL ☐

DOMICILIARY ☐   GIVEN TO: _____

UNSERVED ☐   REMARKS: _____

DEPUTY SHERIFF





Corp
D6228829

# CITATION

| REGINALD SHORT | TWENTY-SIXTH JUDICIAL DISTRICT |
|---|---|
| VS | PARISH OF BOSSIER |
| HONEYWELL INTERNATIONAL INC AS SUCCESSOR IN INTEREST TO SANDIA LABORATORIES ET AL | STATE OF LOUISIANA |
| DOCKET NUMBER: C-168202 | |

TO:   HONEYWELL INTERNATIONAL, INC.
      As successor in interest to Sandia Laboratories
      THROUGH ITS REGISTERED AGENT:
      CORPORATION SERVICE COMPANY
      501 LOUISIANA AVENUE
      BATON ROUGE, LA 70802

in the Parish of EAST BATON ROUGE.

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the 26th Judicial District Court in the Bossier Parish Court House in the Town of Benton in said Parish within twenty-one (21) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of judgment against you.

The Sheriff or his deputy has just handed you a law suit which states why you are being sued. You ( as defendant ) will have twenty-one (21) days after you receive this petition to either file an answer ( in writing ) with the Bossier Parish Clerk of Court in Benton, Louisiana, or retain an attorney of your choice to act in your behalf. If you do nothing within the said time period, then a judgment could be rendered against you.

Attached hereto are:

**PETITION FOR DAMAGES; EXHIBIT "A"**

Witness the Honorable Judges of our said Court on this the 1ST DAY OF SEPTEMBER, 2022

I made service on the named party through the
CORPORATION SERVICE COMPANY

SEP 1 4 2022
by tendering a copy of this document to
MELISSA HARDIN

DY. M. LOCKWOOD #0803
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

*Jill M. Sessions*, CLERK OF COURT



_____
Deputy Clerk


FILED
SEP 19 2022
DEPUTY CLERK
26TH JUDICIAL DISTRICT COURT
BOSSIER PARISH, LOUISIANA

Attorney:
MICKEY P. LANDRY
LANDRY & SWARR, LLC
1100 POYDRAS STREET, SUITE 2000
NEW ORLEANS, LA 70112
504-299-1214

---

## SERVICE INFORMATION

DATE: _____

PERSONAL   ☐

DOMICILIARY ☐   GIVEN TO: _____

UNSERVED   ☐   REMARKS: _____



_____
**DEPUTY SHERIFF**

NON-CERTIFIED COPY