UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REGINALD SHORT | CIVIL ACTION NO. 22-5559 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HONEYWELL INTERNATIONAL, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 22) filed by Defendant E.I. du Pont de Nemours and Company ("DuPont"). DuPont seeks dismissal of the Price-Anderson Act claim filed against it by Plaintiff Reginald Short ("Short") for failure to state a claim upon which relief can be granted under Rule 12(b)(6). See Record Document 22. Short filed a response (Record Document 28), and DuPont filed a reply (Record Document 29). For the following reasons, DuPont's Motion to Dismiss the Price-Anderson Act claim is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This suit arises out of an alleged asbestos exposure at Barksdale Air Force Base from approximately 1966 to 1970. See Record Document 20 at ¶13. Short alleges that, while serving on the base as a Nuclear Weapons Specialist, he handled "asbestos-containing nuclear bomb packaging" that caused Short serious bodily injury. See id. at ¶13–14. In his original state-court Petition, Short stated that he "loaded and unloaded packages of tritium, a rare isotope of hydrogen that was used in nuclear weapons operations" and that the tritium "was packaged in containers stuffed with loose asbestos insulation." See Record Document 1-2 at ¶5. Short alleges that, due to his inhalation of

1

asbestos fibers at work, he developed malignant mesothelioma, which was diagnosed in December of 2021. See id. at ¶11.

As a result, Short filed suit against DuPont and others under theories of strict liability and negligence in state court, primarily for failure to include warnings of possible asbestos exposure on the tritium packaging. See Record Document 1. Specifically, Short seeks to hold DuPont liable for the role it played as manufacturer, seller, and supplier of the tritium to the Air Force Base from the Savannah River Plant ("SRP") in Aiken, South Carolina. See Record Document 22-1 at 3. Short's suit was later removed to this Court in October of 2022. See Record Document 1.

On November 7, 2022, Short amended his Complaint to add a claim under the Price-Anderson Act ("the Act") against several Defendants. See Record Document 22. In its Motion to Dismiss, DuPont seeks dismissal of Short's claim under the Act because Short failed to plead facts sufficient to state such a claim. See Record Document 22. DuPont argues that Short failed to allege that his injury (i.e., the development of mesothelioma) was caused by an exposure to radioactive material, as required under the Act. See id. at 3.

In response, Short admits that he "is not alleging that [his] mesothelioma was caused by exposure to radioactive materials." See Record Document 28 at 3. However, Short asserts that it would be improper to dismiss his claim under the Act at this stage, and the Court should instead allow discovery into the matter to see if his claim can fall within Congress's broad definition of "nuclear incident" in the Act. See id. In its reply, DuPont asserts that discovery will not bring Short's allegations into the ambit of the Act, and thus, the claim must be dismissed. See Record Document 29 at 3.

## LAW AND ANALYSIS

### I.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While some specific causes of action have a heightened pleading standard imposed on them by the Rules or statute, that is not the case for claims under Title VII. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). The standard for the adequacy of all complaints under Rule 8(a)(2) is now the "plausibility" standard found in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for "failure to state a claim upon which relief can be granted." Courts must accept all factual allegations in the complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. See Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and

Twombly standard to survive such a motion. See Iqbal, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court.'" Twombly, 550 U.S. at 558 (citations omitted).

## II. Analysis

The issue in the pending Motion to Dismiss is the sufficiency of Short's claim under the Price-Anderson Act against Defendant DuPont. The Act, codified at 42 U.S.C. § 2012, was passed in order to promote the development of atomic or nuclear energy, while providing recourse for those injured by its use. The Act thus allows for individuals to bring "public liability actions," where applicable, to recover for injuries from a "nuclear incident." See id. at § 2014. "Nuclear incident" is defined in the Act as follows:

> [A]ny occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material…

Id. at § 2014(q). In turn, "source material," "special nuclear material," and "byproduct material" are all defined under the Act:

> The term "source material" means (1) uranium, thorium, or any other material which is determined by the Commission pursuant to the provisions of section 2091 of this title to be source material; or (2) ores containing one or more of the foregoing materials, in such concentration as the Commission may by regulation determine from time to time.
>
> The term "special nuclear material" means (1) plutonium, uranium enriched in the isotope 233 or in the isotope 235, and any other material which the Commission, pursuant to the

> provisions of section 2071 of this title, determines to be special nuclear material, but does not include source material; or (2) any material artificially enriched by any of the foregoing, but does not include source material.
>
> The term "byproduct material" means--
> **(1)** any radioactive material (except special nuclear material) yielded in or made radioactive by exposure to the radiation incident to the process of producing or utilizing special nuclear material;
> **(2)** the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content;
> **(3)(A)** any discrete source of radium-226 that is produced, extracted, or converted after extraction, before, on, or after August 8, 2005, for use for a commercial, medical, or research activity; or
> **(B)** any material that--
> **(i)** has been made radioactive by use of a particle accelerator; and
> **(ii)** is produced, extracted, or converted after extraction, before, on, or after August 8, 2005, for use for a commercial, medical, or research activity; and
> **(4)** any discrete source of naturally occurring radioactive material, other than source material, that--
> **(A)** the Commission, in consultation with the Administrator of the Environmental Protection Agency, the Secretary of Energy, the Secretary of Homeland Security, and the head of any other appropriate Federal agency, determines would pose a threat similar to the threat posed by a discrete source of radium-226 to the public health and safety or the common defense and security; and
> **(B)** before, on, or after August 8, 2005, is extracted or converted after extraction for use in a commercial, medical, or research activity.

See id. at §§ 2014(z), (aa), (e).

Thus, to bring a claim under the Act, a plaintiff must plead an injury caused by a nuclear incident, meaning the plaintiff was harmed by naturally radioactive materials or those that have been rendered radioactive. See id. Here, DuPont argues, and Short agrees, that asbestos is a non-radioactive material, and Short did not allege injury from

any other radioactive material. See Record Document 22-1 at 9; Record Document 28 at 3. DuPont thus asserts that "the mere fact that [Short's] alleged asbestos exposure occurred in connection with the packaging of a radioactive material (i.e., tritium used in nuclear weaponry) is not sufficient to bring [his] allegedly asbestos-caused injury within the clearly-delineated scope of the Act." See Record Document 22-1 at 9.

This Court agrees and finds that asbestos, as a nonradioactive material, does not fit the "source material," "special nuclear material," or "byproduct material" definitions, so as to bring Short's injuries within the scope of a "nuclear incident." 42 U.S.C. § 2014. While Short may have been handling nuclear material at the time of his exposure to asbestos, the subsequent injury did not—and was not alleged to—result from the nuclear material itself. Instead, Short's alleged injury came from the weapon packaging, which contained the nonradioactive asbestos. Thus, on its face, Short's Complaint fails to state a claim under the Act.

As DuPont and Short both acknowledge, few—if any—courts have addressed claims where a plaintiff alleges injury from a toxic, but non-radioactive, material (such as asbestos) under the Act. See Record Document 22-1 at 8; Record Document 28 at 3. However, based on the plain language of the Act and the cases interpreting it, the Court agrees with DuPont that Short's allegations do not fall within the Act's scope. Golden v. CH2M Hill Hanford Group, Inc., a case cited by DuPont in its motion, is instructive. 528 F.3d 681 (9th Cir. 2008). In Golden, the Ninth Circuit differentiated between injuries the plaintiff suffered as a result of nonradioactive materials from those injuries resulting from radioactive materials. See id. at 684. The Ninth Circuit held that "[i]nsofar as Golden suffered separately identifiable harm from a cause not related to the harmful properties

of the radioactive materials," those nonradioactive harms would not be preempted by the Act because such claims are simply not covered by the Act. See id. This Court finds the Golden holding persuasive here: injuries that Short allegedly suffered as a result of nonradioactive asbestos simply do not fall within the Act's ambit.

The Court further agrees with DuPont that discovery will not remedy this defect in the pleadings. In his response to DuPont's Motion to Dismiss, Short requested that this Court deny the motion, stating "Plaintiff recommends proceeding with the Price-Anderson Act claim intact for now, and revisiting the issue in good faith at the close of discovery." See Record Document 28 at 4. However, as DuPont points out, this argument misunderstands the purpose of a motion to dismiss pursuant to Rule 12(b)(6).[1] As DuPont succinctly states it, Short's "factual allegations regarding what caused his injury – asbestos – are, on their face, legally insufficient to state a Price-Anderson Act claim because the Act applies only to claims for injuries caused by specifically identified radioactive materials. Discovery will not cure this." Record Document 29 at 4. This Court agrees and finds that additional discovery will not alter the fact that asbestos, as a nonradioactive material, and the injuries it causes do not fall within the Act's scope. Further, Short fails to explain how discovery would prove otherwise. Thus, because Short fails to state a sufficient claim under the Act, DuPont's Motion is **GRANTED**, and the claim is dismissed.

---

[1] In fact, the Rule 12(b)(6) standard utilized by Short in his response to the motion, Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957), pre-dates the Twombly opinion. Twombly explicitly departed from Conley and created new guidelines for courts to follow in addressing Rule 12(b)(6) motions. See Twombly, 550 U.S. at 562–63. Thus, Conley's "no set of facts" language, used by Short in his opposition, provides an incorrect basis upon which to deny DuPont's motion. See id. ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard.").

## CONCLUSION

Based on the reasons outlined above,

**IT IS ORDERED** that DuPont's Motion to Dismiss (Record Document 22) is **GRANTED**. Short's Price-Anderson Act claim against DuPont is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of March, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT