UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| REGINALD SHORT | CIVIL ACTION NO. 22-5559 |
| VERSUS | JUDGE EDWARDS |
| HONEYWELL INTERNATIONAL INC ET AL | MAG. JUDGE HORNSBY |

**MEMORANDUM ORDER**

During the status conference in this matter on July 1, 2025 (R. Doc. 115), wherein the Court discussed with counsel a briefing schedule on *Yearsley* immunity,[1] the denials of the previous motions for summary judgment filed by Defendants EIDP, Inc. (R. Doc. 86) and National Technology and Engineering Solutions of Sandia, LLC ("NTESS") (R. Doc. 99) were discussed. The Court informed the parties that it would consider the comments of counsel regarding the sufficiency of evidence put forth by Plaintiff in opposition to the motions and determine whether the Court will reconsider its rulings (R. Docs. 113 and 114) on its own or invite the parties to move for reconsideration, if they so choose.[2] Having considered the comments of counsel, the Court declines to alter its prior rulings at this time. For the reasons described below, the Defendants are free to reurge their arguments regarding the insufficiency

---

[1] "*Yearsley* immunity is derivative sovereign immunity. Such immunity shields contractors whose work was authorized and directed by the Government of the United States." *Taylor Energy Company, L.L.C. v. Luttrell,* 3 F.4th 172, 175 (5th Cir. 2021) (cleaned up).

[2] Fed. R. Civ. P. 54(b). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017).

of Plaintiff's evidence in their motions for summary judgment seeking dismissal on *Yearsely* grounds.

**NTESS's Motion for Summary Judgment**

NTESS's motion for summary judgment asserted that Plaintiff lacked evidence to support his claims and relied on NTESS' own evidentiary submissions to show the absence of a genuine issue of material fact.[3] The Court found that NTESS, as the movant, failed to meet its ***initial*** burden to support its motion with competent summary judgment evidence and denied the motion on that basis.[4]

The Court notes that NTESS's reply memorandum raised, for the first time, additional arguments concerning the inadequacy of Plaintiff's lay and expert testimony in support of his claims.[5] Arguments raised for the first time in a reply memorandum are generally deemed untimely and improper, as they deny the opposing party a fair opportunity to respond.[6] To the extent NTESS intends to challenge the sufficiency of Plaintiff's testimony or other evidence to support his claims, it may do so in a procedurally proper manner, either alone or in conjunction with its *Yearsley* immunity defense. This will afford the Plaintiff an opportunity to respond.

---

[3] R. Doc. 99.
[4] R. Doc. 114.
[5] R. Doc. 106.
[6] *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citing *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005)); *Iteld, Bernstein & Associates, LLC v. Hanover Ins. Group*, Civ. A. No. 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009) (Vance, J.) ("[A]rguments raised for the first time in a Reply brief are waived."). *See, Little Tchefuncte River Association v. Artesian Utility Company, Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) ("[A]rguments cannot be raised for the first time in a reply brief.") (quoting *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008)).

**EIPD's Motion for Summary Judgment**

In its motion for summary judgment, EIDP argued not only that Plaintiff failed to establish that EIDP manufactured, sold, supplied, or used any asbestos-containing shipping barrels, but also that Plaintiff failed to present any admissible evidence connecting EIDP to the alleged exposure.[7] While EIDP raised these evidentiary insufficiencies as an independent basis for dismissal, the Court denied EIDP's motion without prejudice to allow EIDP an opportunity to address Plaintiff's recently produced evidentiary materials to support his claim against EIDP, as well as the applicability of *Yearsley* immunity.[8] EIDP may, if it so chooses, reurge its evidentiary arguments in combination with or separate from its immunity defense.

**THUS DONE AND SIGNED** this 10th day of July, 2025.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 86.
[8] R. Doc. 113.